UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD WOMACK and
LYNNE WOMACK,

    Plaintiffs,

v.                                                   Case No: 8:19-cv-698-30SPF

NEVRO CORP.,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant Nevro Corp.'s Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 40), Plaintiffs' Response in Opposition (Dkt. 41), and Defendant's Reply (Dkt. 44). The Court, having reviewed these filings, and being otherwise advised in the premises, concludes that Defendant's motion should be denied in part and granted in part. Specifically, the strict liability and negligence manufacturing defect claims are now sufficiently pled and will not be dismissed. The failure to warn claim and Florida Deceptive Unfair Trade Practices Act ("FDUTPA") claim will be dismissed with prejudice.

## BACKGROUND

This Court discussed this product liability action in detail in its June 21, 2019 Order on Defendant's motion to dismiss Plaintiffs' amended complaint. *See* (Dkt. 38). In that Order, the Court explained why Plaintiffs' product liability claims were preempted. The Court provided Plaintiffs a "final opportunity" to amend their complaint. *Id.*

Plaintiffs' second amended complaint alleges five claims based on the allegedly defective state of the Nevro Senza Spinal Cord Stimulation System ("Senza") received by

Plaintiff Donald Womack: manufacturing defect asserted in (1) negligence (Count I) and (2) strict liability (Count II); (3) a claim under FDUTPA (Count III); (4) failure to warn (Count IV); and (5) Plaintiff Lynne Womack's vicarious loss of consortium claim (Count V). As discussed below, only the manufacturing defect claims and related loss of consortium claim are sufficiently pled.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Legal conclusions, though, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Nevro's motion to dismiss mainly argues—like it did before—that the product liability claims are preempted. The Court agrees with respect to the failure to warn claim. But the Court concludes that the manufacturing defect claims survive by the thinnest of threads because Plaintiffs have now amended these claims to assert a violation of 21 C.F.R. § 814.80.

With respect to the failure to warn claim, as this Court stated previously, Section 360k of the Medical Device Amendments expressly preempts all state law failure to warn claims that seek to impose liability on a Class III device manufacture for failing to give warnings that the FDA did not require via the PMA process. *See* (Dkt. 38); *Rowe v. Mentor Worldwide, LLC*, 297 F. Supp. 3d 1288, 1294–95 (M.D. Fla. 2018); *Ramkelawan v. Globus Med. Inc.*, No. 5:18-CV-100-OC-30PRL, 2018 WL 8368675, at *2–3 (M.D. Fla. Aug. 8, 2018); *see also Riegel v. Medtronic, Inc.*, 552 U.S. 312, 317–18, 128 S.Ct. 999, 1003–04, 169 L.Ed.2d 892 (2008); *Godelia v. Doe 1*, 881 F.3d 1309, 1317 (11th Cir. 2018). Plaintiffs' second amended complaint still does not sufficiently allege that the warnings provided deviated from those the FDA required. So the failure to warn claim will be dismissed with prejudice.

With respect to the manufacturing defect claims, this Court noted in the prior Order that "to sufficiently plead a parallel claim after *Mink* and *Godelia*, a plaintiff is not required to allege a violation of a device-specific regulation . . . a plaintiff still must

identify some pertinent federal regulation, a violation of that specific regulation, and sufficient facts to substantiate the allegation, including a causal link to the alleged injury." (Dkt. 38 at 4-5).

Plaintiffs heeded this advice; their manufacturing defect claims now allege a violation of 21 C.F.R. § 814.80, a federal regulation that Plaintiffs point out was found to be adequately specific to state a claim in *Mink*. *See* 860 F.3d at 1331. While the Court tends to agree with Nevro that this allegation is somewhat "circular" because section 814.80 states only that "[a] device may not be manufactured, packaged, stored, labeled, distributed, or advertised in a manner that is inconsistent with any conditions to approval specified in the PMA approval order for the device," the Court is bound to follow *Mink*. So the Court concludes that the manufacturing defect claims are not preempted at this stage. Nevro may renew this argument at the dispositive motion stage.

Finally, the Court will not discuss the FDUTPA claim in detail because, as Nevro points out in its motion and reply, Chapter 499 and Chapter 607, Florida Statutes, do not provide a private right of action against Nevro. Indeed, Plaintiffs' request for an injunction under FDUTPA based on Nevro's alleged failure to comply with the registration requirements of these statutes is not supported under Florida law. The FDUTPA claim fails to state a claim that is plausible on its face because it is premised solely on alleged violations of these registration statutes (Chapter 499 and Chapter 607). So the FDUTPA claim will be dismissed with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Nevro Corp.'s Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 17) is denied in part and granted in part as discussed herein.

2. The manufacturing defect claims (Counts I and II) are not dismissed.

3. The FDUTPA claim (Count III) is dismissed with prejudice.

4. The failure to warn claim (Count IV) is dismissed with prejudice.

5. The loss of consortium claim (Count V) is not dismissed.

6. Defendant shall file its answer to Counts I, II, and V within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel/Parties of record